40744. SECKINGER & COMPANY et al. v. FOREMAN et al.

HILL, Chief Justice.

In this workers' compensation case, the administrative law judge awarded benefits to Foreman, an injured employee of Aqualine Environmental Services, against both his employer, Aqualine,[1] and Aqualine's partner in a joint venture, Seckinger and Company. Seckinger and its insurer appealed to the board, which affirmed the award, and to the superior court, which also affirmed. The Court of Appeals denied their application to appeal, but we granted the application on certiorari in order to settle the question of whether a joint venturer is liable for the workers' compensation benefits of the employees of its partner in the joint venture.

Seckinger and Aqualine bid upon and were awarded a

---

[1] Aqualine, who was insured by the New York State Insurance Fund which did not cover the injured Georgia employee, has since gone into bankruptcy.

government contract at Hunter Airfield. The contract between Seckinger and Aqualine, denominated a joint venture agreement, provided that each of them would perform separate parts of the government contract and would receive the corresponding portion of the proceeds from the government. It was understood that each would use their own employees and equipment on their respective parts of the government contract, that each would supervise and control their own employees, and that each would pay their own employees. Each employer had workers' compensation insurance on its own employees (except that Aqualine's insurance was found not to cover its employees in Georgia). However, the contract provided that it was to be construed and deemed to be a joint venture. The employee was injured while working on Aqualine's part of the government contract.

1. Seckinger argues that its agreement with Aqualine did not constitute a joint venture because profits and losses were not shared, because there was no pooling of labor or equipment, and because the employees were not paid and controlled by the joint venture but were paid and controlled by the partners who employed them. Seckinger argues further that we should look to the provisions of the contract rather than to its label.

The agreement was denominated a joint venture agreement and provided that it should be construed and deemed to be a joint venture. Thus the evidence authorized the finding against Seckinger that it was a joint venturer. *Carroll v. Mission Ins. Co.,* 147 Ga. App. 262, 263 (248 SE2d 542) (1978).

2. In *Boatman v. George Hyman Constr. Co.,* 157 Ga. App. 120, 123 (276 SE2d 272) (1981), a tort suit involving a workers' compensation immunity defense, the Court of Appeals said "an employee engaged in activities of the joint venture is an employee of each of the joint adventurers under ordinary principles of agency." There, the injured employee of the joint venturer was barred from suing a partner in the joint venture and its employee for his injuries in tort, because under the rules governing workers' compensation the partner in the joint venture was plaintiff's employer and its employee was plaintiff's fellow servant. The conclusion logically follows that one partner in a joint venture may be liable for the workers' compensation benefits of the other joint venturer's employees. As in most all matters, the burdens must follow the benefits. Under *Boatman,* one joint venturer is immune from tort liability to its joint venturer's employees; it therefore is liable for workers' compensation benefits for its joint venturer's employees. Compare *Wright Assoc. v. Rieder,* 247 Ga. 496, 499 (277 SE2d 41) (1981) (since a statutory employer under OCGA § 34-9-8 (Code Ann. § 114-112) may be liable

to pay workers' compensation benefits, such an employer should receive the correlative benefit of tort immunity).

Seckinger relies on *City of Brunswick v. Taylor,* 87 Ga. App. 751 (75 SE2d 203) (1953), and *State Dept. of Revenue v. McCray,* 101 Ga. App. 348 (114 SE2d 64) (1960), for the proposition that where an employee has two employers, the employer having the right to control the employee is responsible for paying compensation benefits to that employee. Seckinger argues that because, under its agreement with Aqualine, it had no right to control Aqualine's employees, it is not responsible for compensation benefits. The cases cited are inapplicable here because they involved governmental units, not a joint venture between private corporations.

*Argonaut Ins. Co. v. Head,* 149 Ga. App. 528 (254 SE2d 747) (1979), involved former Code Ann. § 114-419, now OCGA § 34-9-224. That Code section provides: "Whenever any employee whose injury or death is compensable under this chapter shall at the time of the injury be in the joint service of two or more employers subject to this chapter, *such employers shall contribute payment of such compensation in proportion to their wage liability to such employee;* ..." (Emphasis supplied.) Thus, Seckinger argues that because it did not pay any wages to the injured employee of Aqualine, it is not liable for any of his compensation.

We find this Code section inapplicable here. It involves proration of payment, not the question of responsibility for payment at issue here, and presupposes two or more employers able to pay workers' compensation benefits. Here the injured employee cannot recover from Aqualine or its insurer. It has been held many times that our workers' compensation statute is to be construed in favor of employees in order to accomplish its beneficent purpose. See *General Motors Corp. v. Bowman,* 107 Ga. App. 335, 338 (130 SE2d 163) (1963).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 24, 1984 —
REHEARING DENIED MAY 15, 1984.

*McLain & Merritt, Thomas C. Holcomb,* for appellants.
*James E. Yates III, Savell, Williams, Cox & Angel, John M. Williams, Benjamin H. Terry, Martin, Thomas & Bass, Lester B. Johnson III,* for appellees.