75694. THACKER CONSTRUCTION COMPANY et al.
v. A BETTERWAY RENT-A-CAR, INC.
(368 SE2d 178)

McMURRAY, Presiding Judge.

On February 15, 1984, a complaint was filed in the Superior Court of Fulton County naming A Betterway Rent-A-Car, Inc., d/b/a Budget Rent-A-Car of Atlanta, as defendant. The plaintiff in the suit was denominated as "Barton Contracting Company and Thacker Construction Company, a joint venture." Damages were sought against defendant for the alleged breach of a construction contract. In this regard, it was alleged that "Plaintiff entered into a contract with Defendant to construct the Budget Rent-A-Car facilities at the Atlanta International Airport"; that "Plaintiff constructed the project in complete accordance and compliance with the provisions of the contract between the parties"; and that defendant breached the contract by failing to pay the amount due thereunder. Defendant answered the complaint asserting, inter alia, that the dispute should be submitted to arbitration pursuant to the terms of the construction contract. Additionally, defendant counterclaimed alleging that the contract was breached by plaintiff in certain particulars.

Thereafter, plaintiff and defendant agreed to submit their claims

to arbitration and to stay the proceedings in the superior court until arbitration was completed. A consent order was entered accordingly.

On July 17, 1984, another consent order was entered to lift the stay temporarily to enable the parties to amend the pleadings. Thereupon, defendant amended its answer to assert that "the complaint should be dismissed because the Plaintiff has failed to join an indispensable party, Barton Contracting Company," and "for failure to prosecute this action in the name of the real party in interest, Barton Contracting Company."

The complaint was amended to add Barton Contracting Company (hereinafter "Barton") as a party plaintiff. In the amended complaint, it was asserted that if the "joint venture did not exist at law, then it was Barton Contracting Company which entered into a contract with Defendant . . ." It was also alleged that Barton "provided all labor, materials and expertise under the terms of the contract." and that it was entitled to all sums due under the contract. Answering the amended complaint, defendant alleged that Barton and Thacker Construction Company (hereinafter "Thacker") were jointly and severally liable to defendant for the breach of the joint venture's obligations under the contract. In addition, defendant asserted a breach of contract claim against Thacker which was brought into the case as a defendant in counterclaim.

Thacker was served with the amended counterclaim on October 3, 1984. Replying to the counterclaim, Thacker asserted that it did not enter into a contract with defendant and that defendant "knew that Thacker was not in fact a party to the contract . . ."

In the meantime, on September 4, 1984, defendant notified Thacker about the arbitration proceeding between defendant and the joint venture. In so doing, defendant's counsel wrote a letter to Thacker explaining: "Recent communications with counsel for the Joint Venture, Shreeder, Wheeler & Flint, suggest to us that that firm is perhaps *not* representing Thacker Construction Company in [the arbitration proceeding]. For that reason, we are writing you to apprise you of the pendency of the arbitration proceedings between [defendant] and the Joint Venture . . ."

On September 11, 1984, counsel for Thacker appeared before the panel of arbitrators and requested and obtained a continuance of the arbitration hearings. Arbitration hearings were held subsequently and on February 8, 1985, an award was entered by the arbitrators as follows: "BARTON CONTRACTING COMPANY & THACKER CONST. CO., A JOINT VENTURE, (hereafter 'Barton-Thacker') shall pay to [defendant] $98,735.75." In making the award, the arbitrators noted: "As the parties were told at the outset of the arbitration hearings, *the arbitrators did not consider nor decide the question of whether or not Barton-Thacker is a true joint venture under*

*the laws of Georgia. The arbitrators simply looked at the names of the parties as they appear on the written contract which contained the arbitration provision giving rise to this arbitration, and have entered this award accordingly.* The arbitrators did not consider nor take into account in their deliberations or in their decision the possibility of insurance coverage by Barton-Thacker or [defendant]." (Emphasis supplied.)

Barton moved to vacate the arbitration award. It asserted that the arbitrators should have considered the insurance coverage issue and that, therefore, it was necessary to resubmit the case to the arbitrators.

Defendant made application for confirmation of the award. In a proposed judgment, defendant suggested that judgment be entered against the joint venture, as well as Barton and Thacker, jointly and severally, for $98,735.75. Barton opposed the confirmation application asserting that it would be inappropriate to enter judgment against Barton and Thacker jointly and severally because the arbitrators' award was made against the joint venture only and the arbitrators did not consider whether a joint venture actually existed. Counsel for Thacker also argued that judgment should not be entered against Barton and Thacker individually.

On November 21, 1985, the trial court denied defendant's application for confirmation and granted Barton's motion to vacate the award. The case was resubmitted to the arbitrators "for consideration of the insurance issue . . ."

Pursuant to the trial court's order, the arbitrators met on April 15, 1986. After considering the insurance issue, the arbitrators reaffirmed the previous award in favor of defendant and against the joint venture.

Once again, defendant sought confirmation of the award and proposed that judgment be entered against the joint venture, Barton and Thacker jointly and severally. Opposing the confirmation, counsel for Barton again argued that the arbitrators' award against the joint venture could not be "expanded" to a joint and several judgment against Barton and Thacker.

On September 30, 1986, an order was entered by the superior court confirming the award of the arbitrators. Simultaneously, a $98,735.75 judgment was entered in favor of defendant and against the joint venture, and against Barton and Thacker "jointly and severally." Barton and Thacker filed separate appeals. Barton's appeal was withdrawn. *Held*:

The arbitrators did not decide whether a joint venture actually existed or whether Thacker even entered into the contract with defendant. These issues were raised by the pleadings and they should have been decided by the trier of fact. See *Bowman v. Fuller*, 84 Ga.

App. 421, 426 (66 SE2d 249). Yet, a factual resolution of these issues was not made by the arbitrators. The award was entered against the joint venture only because the name of such an entity was placed on the contract.

The award against the joint venture was confirmed "as is" by the superior court; however, judgment was entered against the joint venture, and against Barton and Thacker, jointly and severally. The entry of such a judgment was erroneous.

When a verdict is rendered by a jury, the judgment must conform to it. See *Taylor v. Taylor*, 212 Ga. 637, 638 (1) (94 SE2d 744). "While a court may, in a proper case, mould a verdict so as to correct a mere matter of form, where a verdict has been received and recorded, and the jury dispersed, the trial court may not amend the verdict in a matter of substance, even if it appears that the jurors intended to find liability against the proper party. After dispersal of the jury, the judge has no power either to add or take from the findings, and has not the power, by amendment or reformation, to supply substantial omissions or make substantial .changes in the verdict as rendered by the jury. *Fried v. Fried*, 208 Ga. 861 (3) (69 SE2d 862). Nor can the trial judge accomplish the same result by amending the verdict in a matter of substance by entering a decree different from the verdict of the jury, thereby eliminating substantial findings of the verdict and thus substantially modifying or changing the other findings of the jury. To do so requires the judge to find facts which the jury did not, and thus usurp their peculiar province. *Law v. Coleman*, 173 Ga. 68 (159 SE 679); *Lake v. Hardee*, 57 Ga. 459, 466." *Harrell v. Bank of the South*, 174 Ga. App. 384, 386 (330 SE2d 147).

An arbitration award is not unlike the verdict of a jury. See generally 6 CJS 431, 432, Arbitration, § 163. Thus, if an award is confirmed the judgment must be entered in conformity with the award. See generally OCGA §§ 9-9-92; 9-9-95. Of course, an award can be modified; but a modification cannot be substantive, it cannot affect the merits of the case. See OCGA § 9-9-94. See also 6 CJS 440, Arbitration, § 168.

By entering judgment against Barton and Thacker jointly and severally, the superior court, in effect, modified the arbitrators' award in a substantive way. It found facts which the arbitrators did not. See *Harrell v. Bank of the South*, 174 Ga. App. 384, 386, supra. This the superior court could not do. "If modification of the award in a matter of substance is required there must be a remission to the arbitrators." 6 CJS 440, Arbitration, § 168. See also OCGA § 9-9-93 (b) (3).

We note that the case of *Seckinger & Co. v. Foreman*, 252 Ga. 540 (314 SE2d 891), does not support defendant's position. In that case, the Supreme Court simply ruled that the evidence supported a finding by the trier of fact that a joint venture existed. In the case sub

judice, on the other hand, the trier of fact made no such finding.

*Judgment reversed and case remanded for proceedings not inconsistent with this opinion. Deen, P. J., Banke, P. J., Pope, Benham and Beasley, JJ., concur. Birdsong, C. J., Carley and Sognier, JJ., dissent.*

SOGNIER, Judge, dissenting.

I respectfully dissent. I cannot agree with the majority that entry of a judgment against Barton and Thacker jointly and severally modified the award in any way, much less in "a substantive way."

This case is not one, such as *Bowman v. Fuller*, 84 Ga. App. 421 (66 SE2d 249) (1951), in which we are called upon to determine from the conduct of a party to a contract whether that party should be deemed to have been engaged in a joint venture such that the actions of another joint venturer will bind it or subject it to liability. Rather, in the case sub judice, appellant and another contractor, as a joint venture, signed a contract with a third party which labeled them a joint venture, thereby obligating themselves as joint venturers. In response to a similar challenge by a contractor to its denomination as a joint venturer, on the basis that profits and losses were not shared and there was no pooling of labor or equipment, the Supreme Court held in *Seckinger & Co. v. Foreman*, 252 Ga. 540 (314 SE2d 891) (1984), that the finding of joint venture was authorized because the agreement was *called* a joint venture agreement. Similarly, in this case, it is uncontroverted that the contract which forms the subject matter of this action recites that it is an agreement between A Betterway Rent-A-Car, Inc., as one party, and Barton Contracting Company and Thacker Construction Company, *a joint venture*, as the other party. It is undisputed that both Floyd A. Thacker, appellant's president, and the president of Barton Contracting Company signed the contract, and that the words "Joint Venture" appear again in proximity to the signature lines. In my view, appellant may not be heard to complain now that there was no joint venture.

Moreover, even were we to accept appellant's argument that it is not a joint venturer, unlike the situation in *Bowman*, supra, appellant's liability remains unchanged, premised on the fact that it obligated itself by signing the contract in *some* capacity. Either appellant is liable in its capacity as a joint venturer, or it is liable individually. We cannot simply ignore the fact that appellant is a signatory to the contract. If it is a joint venturer, it may be treated in the same manner as a partner, because "we may *treat* the joint venture as a partnership composed of the adventurers without deciding they are partners." *Boatman v. George Hyman Constr. Co.*, 157 Ga. App. 120, 123 (276 SE2d 272) (1981). Under the provisions of former OCGA § 14-8-22, applicable here, as to third persons, all partners are liable, not

only to the extent of their interests in the partnership property, but also to the whole extent of their separate property. Alternatively, if appellant is not a joint venturer, it has still signed a contract under which the arbitrators found liability, and it is thus liable individually.

Since appellant is individually liable in any case, I see no need for any further proceedings, and I would, therefore, affirm the trial court's judgment.

I am authorized to state that Chief Judge Birdsong joins in this dissent.

DECIDED MARCH 18, 1988 —
REHEARING DENIED MARCH 31, 1988 — 

*H. Wayne Phears*, for appellants.
*John J. Almond*, for appellee.