S95G1746. HENDERSON et al. v. HSI FINANCIAL SERVICES, INC.

(471 SE2d 885)

FLETCHER, Presiding Justice.

The Court of Appeals held that two shareholders of a professional corporation engaged in the practice of law were jointly and severally liable to a client for the failure of the majority shareholder to remit monies owed to the client.[1] We granted the writ of certiorari to decide whether we should reconsider the holding in *First Bank &c. Co. v. Zagoria*[2] that a member of a law firm is personally liable for the professional misconduct of other lawyers in the firm. We overrule that strict liability rule today because the legislature has provided that shareholders of professional corporations are not personally liable for corporate debts except by personal conduct. Based on the professional corporation statute, the two shareholders are not jointly and severally liable for the majority shareholder's failure to remit funds to the firm's client. Therefore, we reverse.

In 1985, HSI Financial Services, Inc., and Joseph Page entered into a contract for Page to collect past due hospital accounts for HSI. In 1988, Page, Jerry Sevy, and William Henderson formed the law firm of Page, Sevy & Henderson, P.C. In 1990, the corporation became delinquent in remitting funds due HSI from collection activities and delivered a promissory note agreeing to pay HSI nearly $400,000 in 12 monthly installments. In October 1990, the corporation again stopped remitting funds to HSI on current monthly collections and in December stopped making payments on the promissory note. HSI sued the corporation and Page, Henderson, and Sevy individually and moved for partial summary judgment, which the trial court granted. The Court of Appeals affirmed the grant of summary judgment to HSI on its count against Henderson and Sevy for joint and several liability based on this Court's decision in *Zagoria.*

1. The judicial branch of government has the inherent power to regulate the conduct of attorneys and supervise the practice of law.[3]

---

[1] *Page v. HSI Fin. Svcs.,* 218 Ga. App. 283 (461 SE2d 239) (1995).

[2] 250 Ga. 844 (302 SE2d 674) (1983).

[3] *Wallace v. Wallace,* 225 Ga. 102, 109 (166 SE2d 718), cert. denied, 396 U. S. 939 (90

Exercising this inherent judicial function, this Court created the State Bar of Georgia in 1963 and adopted rules and regulations for its governance.[4] Subsequently, this Court has exercised its powers to determine the admission standards for practitioners, the structural form in which they may practice, and their discipline, suspension, and disbarment from the practice of law in this state.[5]

In *Zagoria*, this Court relied on its regulatory powers to reject an attorney's attempt to limit his personal liability for the professional misconduct of other members of his law firm by forming a professional corporation. Specifically, we held that "when a lawyer holds himself out as a member of a law firm the lawyer will be liable not only for his own professional misdeeds but also for those of the other members of his firm."[6] Today we overrule *Zagoria* to the extent it states that this Court, rather than the legislative enabling act, determines the ability of lawyers to insulate themselves from personal liability for the acts of other shareholders in their professional corporation. Although this Court defines whether lawyers may practice their profession in a partnership, professional corporation, or other group structure, the relevant statutes govern whether a particular structural form provides its members with exemptions from personal liability.

Exercising our regulatory power, we hold that lawyers may practice their profession as shareholders in a professional corporation with the same rights and responsibilities as shareholders in other professional corporations. Allowing lawyers to organize their practice in this particular form will not undermine professional conduct or leave the public unprotected. Lawyers practicing in a professional corporation still owe a duty to clients and remain personally liable to them for acts of professional negligence. In addition, the professional corporation is liable for the malpractice of its members to the extent of its corporate assets.

Moreover, permitting lawyers to practice in a corporate entity is consistent with the legal profession's ethical standards. The ABA ruled in 1961 that an attorney may practice in a form of organization that limits liability to clients for legal malpractice without violating the Canons of Ethics so long as the lawyer rendering the legal services

---

SC 369, 24 LE2d 240) (1969).

[4] *Sams v. Olah*, 225 Ga. 497, 501 (169 SE2d 790) (1969), cert. denied, 397 U. S. 914 (90 SC 916, 25 LE2d 94) (1970).

[5] See, e.g., *In re Oliver*, 261 Ga. 850 (413 SE2d 435) (1992) (upholding rule that admission to state bar requires graduation from a law school approved by the ABA or the Board of Bar Examiners); see also *Carpenter v. State*, 250 Ga. 177, 178 (297 SE2d 16) (1982) (matters relating to the practice of law "are within the inherent and exclusive power of the Supreme Court of Georgia").

[6] 250 Ga. at 847.

remains personally responsible to the client.[7] The ABA incorporated its ruling into the Model Code of Professional Responsibility that this Court adopted as part of the state bar rules.[8] Many states have followed the ABA opinion by enabling attorneys to organize their practice in the form of professional corporations, limited liability companies, and limited liability partnerships.[9]

2. Having approved the professional corporation as an appropriate form of organization,[10] we review the relevant state statutes to decide the liability of the law firm's members. The Georgia Professional Corporation Act provides that a professional corporation and its shareholders shall enjoy the same rights, privileges, and immunities as the shareholders of business corporations.[11] The Georgia Business Corporation Act provides that "a shareholder of a corporation is not personally liable for the acts or debt of the corporation except that he may become personally liable by reason of his own acts or conduct."[12] Based on these statutory provisions, Henderson and Sevy are not jointly and severally liable for the professional misconduct of Page in failing to pay HSI the monies collected on its account. Therefore, we reverse Division 8 of the Court of Appeals opinion.

*Judgment reversed. All the Justices concur.*

DECIDED JULY 1, 1996.

*Smith, Gambrell & Russell, David A. Handley, Margaret M. Leveille,* for appellants.

*Swift, Currie, McGhee & Hiers, James T. McDonald, Jr., Dennis A. Brown, Wallace & de Mayo, Richard T. de Mayo, Patti H. Bass, Thomas W. Thrash, Jr., Webb, Carlock, Copeland, Semler & Stair, Kent T. Stair, Cauthorn & Phillips, Thomas E. Cauthorn III, Wil-*

---

[7] ABA Comm. on Professional Ethics, Formal Op. 303 (1961) (attorneys practicing in corporate form).

[8] Rules & Regulations for the Organization & Government of the State Bar of Georgia, 241 Ga. 643, 696 (1978).

[9] See, e.g., *In re Florida Bar,* 133 S2d 554 (Fla. 1961) (adopting rules that permit lawyers to practice law as a corporate entity under the Professional Services Corporation Act); N.C. State Bar R. subch. E, § .0100 (adopting regulations for professional corporations & professional limited liability companies practicing law); Va. Sup. Ct. R. Pt. 6, § IV, Par. 14 (1996) (adopting Code of Ethics governing professional conduct of lawyers practicing through professional law corporations, professional limited liability companies, and registered limited liability partnerships).

[10] Since Henderson and Sevy were shareholders of a professional corporation, we need not decide whether lawyers may engage in other forms of law practice. See OCGA §§ 14-8-1 to 14-8-61 (Uniform Partnership Act); §§ 14-10-1 to 14-10-18 (Georgia Professional Association Act); §§ 14-11-100 to 14-11-1109 (Georgia Limited Liability Company Act).

[11] OCGA § 14-7-3.

[12] OCGA § 14-2-622.

*liam J. McKenney, King & Spalding, James A. Pardo, Jr., David M. Cox, Drew, Eckl & Farnham, James M. Poe, Eric C. Lang, Gershon, Olim, Katz & Loeb, Jay E. Loeb, Alston & Bird, John E. Stephenson, Jr.,* for appellee.

*Bondurant, Mixson & Elmore, Emmet J. Bondurant II, Dirk G. Christensen, Scott F. Bertschi, Troutman Sanders, Carl E. Sanders, John J. Dalton, Robert W. Grout, Harold G. Clarke,* amici curiae.