## A99A1425. BUSBEE v. CHRYSLER CORPORATION.
(524 SE2d 539)

SMITH, Judge.

A truck that Charles Busbee did not own but drove regularly for several months developed mechanical problems. Busbee sued Chrysler Corporation ("Chrysler"), the truck's manufacturer, seeking special, general, and punitive damages, as well as attorney fees. The trial court granted Chrysler's motion for summary judgment for the entirety of Busbee's case. Because none of Busbee's claims can survive as a matter of law, we affirm.

When viewed in the light most favorable to Busbee, the evidence showed that Busbee's friend, Bernard Foster, purchased a new Dodge Ram pickup truck from a Chrysler dealership on June 1, 1996. Although the vehicle was titled in Foster's name, Busbee obtained exclusive use of the truck from Foster in exchange for making the finance payments. On February 12, 1997, while Busbee was driving the truck to work, the engine suddenly seized, stranding Busbee in rush hour traffic.

---

When an inspection of the vehicle revealed signs of a lack of appropriate maintenance, the service manager at the dealership contacted Steven Morris, a Chrysler management official who had expertise in automotive mechanics. After the lower half of the engine had been disassembled, Morris examined the oil pan, oil pickup tube, and various internal engine components and determined that the truck exhibited obvious signs of improper maintenance. Morris found chunks of caramelized oil or "sludge" and blockages created by the sludge.[1] According to Morris, "oil sludge is caused by lack of changing the oil, depending on the use of the vehicle." Based on these findings, Morris decided that replacement of the engine should not be covered under the warranties that Foster had with Chrysler.

Subsequently, Foster, the truck purchaser, sued Chrysler for breach of express warranty and breach of the service contract. In the same action, Busbee asserted a separate claim against Chrysler for "strict liability for property damage for the loss of use of the vehicle in a sum in excess of $9,000.00." Busbee pursued punitive damages under a theory that "[d]efendant's actions in the premises were wilful, wanton and a conscious disregard of the consequences," and sought attorney fees on the basis that Chrysler's "actions in the premises have been stubborn and litigious."

After the trial court granted summary judgment to Chrysler on all of Busbee's claims, Busbee filed this appeal.[2]

1. Busbee contends that material issues of disputed fact precluded summary judgment as to his claim for "property damage under strict liability in tort."

While conceding that he lacked privity of contract with Chrysler, Busbee argues that his claim for strict liability was viable under either OCGA § 51-1-11 or § 51-10-2.

OCGA § 51-1-11 (b) (1) specifies:

The manufacturer of any personal property sold as new property directly or through a dealer or any other person shall be liable in tort, irrespective of privity, to any natural person who may use, consume, or reasonably be affected by the property and who suffers injury *to his person or property* because the property *when sold* by the manufacturer was not merchantable and reasonably suited to the use intended, and its condition when sold is the proximate cause of the injury sustained.

(Emphasis supplied.)

---

[1] Busbee testified that the last oil change occurred at 11,799 miles. On the date of the incident, the vehicle's odometer showed 25,505 miles.

[2] Foster's claims survived summary judgment, and Foster is not a party to this appeal.

Subject to two narrow exceptions for accident and misrepresentation, whenever subsection (b) (1) imposes strict liability upon a manufacturer for defective products, recovery in tort is permitted only in the event of either personal injury or damage to property other than to the property that was the subject of the sale. *Advanced Drainage Systems v. Lowman*, 210 Ga. App. 731, 734 (2) (437 SE2d 604) (1993); *Bates & Assoc. v. Romei*, 207 Ga. App. 81, 83 (4) (426 SE2d 919) (1993). Because the subsection is in derogation of the common law, it must be strictly construed or limited strictly to the meaning of the statutory terms. *Daniel v. American Optical Corp.*, 251 Ga. 166, 167 (1) (304 SE2d 383) (1983). Purely economic losses, such as the loss of the use of the property or the cost of repairing it, are not compensable under this section when no personal injury or physical damage has occurred except to the allegedly defective product itself. *Long v. Jim Letts Oldsmobile*, 135 Ga. App. 293, 295 (2) (217 SE2d 602) (1975). "The Georgia 'economic loss rule' in essence prevents recovery in tort when a defective product has resulted in the loss of the value or use of the thing sold, or the cost of repairing it." *Romei*, supra. Such economic losses are not recoverable under strict liability or negligence theories. *Lamb v. Ga.-Pacific Corp.*, 194 Ga. App. 848, 849 (2) (392 SE2d 307) (1990).

Here, since it is undisputed that Busbee suffered neither an injury to his person nor to his property, his attempt to recover under a strict liability theory was foreclosed absent evidence demonstrating the existence of an exception to the economic loss rule. *Lamb*, supra. In fact, Busbee admitted to having calculated the amount of his damages as $9,000 by multiplying a $50 daily rental rate by a six-month time period to reflect the cost of obtaining a replacement vehicle. Because Busbee's claim for damages for his alleged loss of use of the truck is an economic loss, it is not compensable under OCGA § 51-1-11 (b) and, therefore, must fail as a matter of law. *Vulcan Materials Co. v. Driltech*, 251 Ga. 383, 387 (3) (306 SE2d 253) (1983). For this reason, the testimony by Busbee's expert that the engine failure was due to a defect at the time of manufacture cannot save the case and is not germane.

Although Busbee now asserts that his strict liability claim was also based on the prohibition of interference with mere possession of chattel (OCGA § 51-10-2), the record does not show that he urged this argument below. Busbee has not directed our attention to, nor have we found, any mention of this statute in the complaint or elsewhere in the record. This court will not consider arguments neither raised nor ruled on by the court below and that are asserted for the first time on appeal. *Peavy v. Goodroe*, 237 Ga. App. 36, 37 (1) (514 SE2d 699) (1999); *Ellison v. State*, 216 Ga. App. 639, 641 (3) (455 SE2d 361) (1995).

2. Busbee claims that issues of material fact remain unresolved as to his claim for "property damage because of the 'accident' exception to the economic loss rule."

"Accident" in this context means "a sudden and calamitous event which, although it may only cause damage to the defective product itself, poses an unreasonable risk of injury to other persons or property." *Vulcan Materials*, supra. Although Busbee seeks to avail himself of the accident exception to the rule foreclosing recovery for pecuniary losses, he fails to offer any evidence of a calamity, sudden violence, collision with another object, or some catastrophic event, notwithstanding his assertion that this pickup truck broke down during rush hour. Compare id. (ruptured hydraulic system started fire that engulfed machine). Busbee failed to cite any authority that holds that his inconvenience, aggravation, or fright could rise to the level of an "accident" within the meaning of our law. See *Jim Letts*, supra at 295-296 (2).

3. Busbee contends the trial court erred in granting summary judgment on the attorney fees claim. We do not agree.

The refusal to pay a disputed claim is not the equivalent of being stubbornly litigious. *Beacon Indus. v. Vanderbunt Concrete*, 172 Ga. App. 573, 576 (3) (323 SE2d 871) (1984). Since Chrysler had a legitimate right to decline to pay a claim it considered factually and legally insupportable and, indeed, on which it prevailed, it cannot be said that Chrysler caused Busbee unnecessary trouble and expense. *Wheat Enterprises v. Redi-Floors*, 231 Ga. App. 853, 857 (1) (c) (501 SE2d 30) (1998) (recovery of attorney fees generally precluded when bona fide controversy demonstrated).

*Judgment affirmed. Pope, P. J., and Eldridge, J., concur.*

DECIDED NOVEMBER 3, 1999.

*Peter K. Kintz*, for appellant.
*Charles R. Floyd, Jr., Deborah M. Floyd*, for appellee.