A03A0536. AFRAKNTEH v. HALSTEAD.
(578 SE2d 126)

BLACKBURN, Presiding Judge.

Ardavan Afraknteh appeals the superior court's confirmation of an arbitration award in this case regarding a voluntarily arbitrated dispute over the sale of certain real property from Ingrid W. Halstead to Afraknteh. Afraknteh contends that the arbitrator committed assorted errors. Because Afraknteh waived these enumerations for purposes of appeal, we affirm.

In relevant part, the record shows that the parties voluntarily agreed to submit their case to arbitration, and, on June 4, 2002, a full

---

[4] *Carswell v. State,* 251 Ga. App. 733, 736 (2) (555 SE2d 124) (2001).

arbitration hearing was held. After allowing time for post-hearing briefs, the arbitrator entered his award on July 11, 2002. On September 3, 2002, Halstead filed a motion in the superior court to confirm the arbitration award, and a hearing was held on that motion on September 19, 2002. Following this hearing, the superior court ruled:

> [Halstead] has filed a Motion to Confirm an Arbitration Award. . . . A hearing was held on this motion with counsel for both parties present. [Afraknteh] has not filed an application to either modify or vacate the award[;] therefore, the Court must confirm the award. At the confirmation hearing [Afraknteh] orally raised certain issues which could have been raised in an application to vacate or modify the award. Assuming the orally raised issues properly presented, this Court finds no grounds set out in OCGA § 9-9-13 on which to vacate or modify the arbitration award.

The record now before us on appeal contains no transcript of the hearing before the superior court.

> The burden is on the party alleging error to show it affirmatively by the record and when the burden is not met, the judgment complained of is assumed to be correct and must be affirmed. Where the transcript is necessary for review and appellant omits it from the record on appeal, the appellate court must assume the judgment below was correct and affirm.

(Punctuation omitted.) *Bank South v. Zweig.*[1]

Without a transcript, we have no way of knowing what issues Afraknteh actually raised in the court below, and it is well established that this Court cannot hear arguments raised for the first time on appeal. *Busbee v. Chrysler Corp.*[2] In this circumstance, Afraknteh has failed to provide this Court with a sufficient record on which to review his claims, and, as a result of this failure, we must affirm. *Zweig,* supra.

*Judgment affirmed. Ellington and Phipps, JJ., concur.*

DECIDED JANUARY 29, 2003 —
RECONSIDERATION DENIED FEBRUARY 13, 2003.

---

[1] *Bank South v. Zweig,* 217 Ga. App. 77, 79 (2) (456 SE2d 257) (1995).
[2] *Busbee v. Chrysler Corp.,* 240 Ga. App. 664, 666 (524 SE2d 539) (1999).

*Brian C. Smith, Clifton M. Patty, Jr., Christopher C. Young*, for appellee.