**WHOLE COURT**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. (Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008) http://www.gaappeals.us/rules/

**November 30, 2012**

# In the Court of Appeals of Georgia

A12A1144. KENT v. MITCHELL.                              AD-053

ADAMS, Judge.

The trial court granted Tina Mitchell's application to confirm an attorney fee arbitration award against Jeffrey B. Kent and entered judgment against Kent in the amount of $2,500.[1] On appeal, Kent claims that the trial court erred by substantively modifying the arbitration award when it changed the party against whom the award was made from his professional corporation to him individually. We agree and therefore reverse.

According to Kent, Mitchell engaged the law firm Jeffrey B. Kent, P.C. in connection with a business dispute and paid a retainer of $2,500. At some point,

---

[1] Kent was subsequently disbarred for his conduct in representing a different client. *In re Kent*, 287 Ga. 129 (694 SE2d 665) (2010).

Mitchell requested that her retainer be returned. When that did not happen, Mitchell filed a petition for fee arbitration with the State Bar of Georgia. In an award dated February 20, 2009, the arbitrators ruled in her favor and awarded a refund of her $2,500 retainer. Mitchell then filed an application to confirm the arbitration award pursuant to the State Bar of Georgia's Fee Arbitration Rules and OCGA § 9-9-12, and that application was granted. The issue on appeal is whether the trial court substantively modified the award by changing the party against whom the award was originally entered.

The caption to the arbitrator's award and the body of the award itself make clear that the parties to the arbitration were Tina Mitchell, Petitioner, and Jeffrey B. Kent PC c/o Mr. Jeffrey Brooks Kent, Respondent. The award specifically states that the fee dispute is between Mitchell and Jeffery B. Kent PC. When Mitchell filed her application to confirm the arbitration award, she changed the respondent to "Jeffrey B. Kent" with no mention of his professional corporation. In his response to Mitchell's application, Kent pointed out that he was not a party to the arbitration or the arbitration award. The trial court nonetheless entered judgment against Kent individually.

2

The corporation of Jeffrey B. Kent PC is a distinct legal entity from Jeffrey B. Kent, an individual. See *Clarence L. Martin, P.C. v. Wallace*, 248 Ga. App. 284, 286 (1) (546 SE2d 55) (2001). Although Kent may have been the attorney Mitchell dealt with at the corporation, a claim against his professional corporation is not automatically a claim against him too. See OCGA § 14-7-3; *Henderson v. HSI Financial Svcs.*, 266 Ga. 844, 846 (2) (471 SE2d 885) (1996) (professional corporation and its shareholders enjoy the same rights, privileges, and immunities as the shareholders of business corporations); see also OCGA § 14-7-4 (b) (professional corporation necessarily acts through its officers, employees, and agents).

When a trial court confirms an arbitration award, the judgment must be entered in conformity with the award. *Thacker Constr. Co. v. A Betterway Rent-A-Car*, 186 Ga. App. 660, 663 (368 SE2d 178) (1988). "Of course, an award can be modified; but a modification cannot be substantive, it cannot affect the merits of the case." Id. Changing parties to the award is a substantive modification. See id. When the trial court entered judgment against Kent individually, it substantively modified the arbitration award.

Although the record in this case is sparse, it does not support the trial court's order. If there were additional materials that would provide such support, Mitchell

3

could have provided them.[2] In every case, the appellee has ample opportunity to designate anything in the record or the transcript of the evidence that has not been designated by the appellant. "In the absence of any attempt on the [Mitchell]'s part to exercise these remedies, we must assume that the record before us is complete in all relevant respects." *Boats for Sail, Inc. v. Sears*, 158 Ga. App. 74, 74-75 (1) (279 SE2d 314) (1981). Based on the existing record, we must reverse.

*Judgment reversed. Miller, P.J., Doyle, P.J., Ray and Branch, JJ., concur. Barnes, P.J., and McFadden, J., dissent.*

---

[2] Mitchell has attached documents to her brief that are not part of the appellate record, but we cannot consider them. See Georgia Court of Appeals Rule 24 (g).

A12A1144. KENT v. MITCHELL.                                          BA-053

BARNES, Presiding Judge, dissenting.

Because Kent has failed to show error on the record, I respectfully dissent from the majority opinion reversing the trial court's grant of the application of Kent's former client to confirm her fee arbitration award against him.

Because Kent, "as appellant, has the burden to affirmatively show error by the record," we must consider his contentions in light of the meager, 23-page appellate record. *Azordegan v. Ebrahimi*, 311 Ga. App. 509 (1) (716 SE2d 528) (2011). Consistent with Kent's notice of appeal, the record includes only the client's application for confirmation, Kent's answer, and the superior court's final order confirming the award. While Kent argues that the superior court substantively modified the arbitration award by confirming it against him individually, rather than against his professional corporation, the record does not affirmatively establish error.

The body of the award includes the arbitrators' finding that "Petitioner paid for service from the attorney Respondent, . . . who has not provided evidence of any valuable service performed on behalf of petitioner." The award was made by a panel of arbitrators pursuant to the State Bar's Fee Arbitration program, which "is designed to provide a convenient mechanism to resolve disputes between lawyers and clients over fees, and is administered by the State Bar Committee on the Arbitration of Fee Disputes." *Farley v. Bothwell*, 306 Ga. App. 801 (703 SE2d 397) (2010), citing State Bar Rules, Part VI, Arbitration of Fee Disputes, Preamble, 247 Ga. A-2. And under State Bar Rules 6-201 (f) and 6-402, Kent would only have been allowed to participate in the arbitration hearing if he had agreed to be bound by the arbitrators' decision, and he admitted in his answer to the confirmation petition that he presented evidence during the proceeding. Thus, the record supports the trial court's confirmation of the award against Kent individually.

Kent's argument that he only appeared at the hearing on behalf of his professional corporation and that the award was only against his corporation is unpersuasive in light of the entire award and his answer to the petition admitting he presented evidence to the arbitration panel. As noted previously, it is the appellant's

2

burden to show error on the record, and this Kent has not done. See *Afraknteh v. Halstead*, 259 Ga. App. 645, 646 (578 SE2d 126) (2003).

Considering the context of this arbitration award, along with Kent's failure to establish error on the record, we should affirm the trial court's confirmation. Accordingly, I respectfully dissent from the majority opinion.

I am authorized to state that Judge McFadden joins in this dissent.

A12A1144. KENT v. MITCHELL.                    BA-053


MCFADDEN, Judge, dissenting.

I respectfully dissent, and join fully in Presiding Judge Barnes's dissenting opinion. I write separately to set out my view that Kent is personally liable under the terms of the rules governing the State Bar's fee arbitration program, which were promulgated by the Supreme Court of Georgia.

He has since been disbarred, but at the time of the subject proceedings Kent was a lawyer. "Lawyers practicing in a professional corporation still owe a duty to clients and remain personally liable to them for acts of professional negligence." *Henderson v. HSI Financial Services*, 266 Ga. 844, 845 (1) (471 SE2d 885) (1996).

As a member of the State Bar of Georgia, Kent was subject to its rules governing the practice of law and the conduct of lawyers. Those rules have been promulgated by our Supreme Court after consultation with the State Bar and reflect an intent to bind individual lawyers.

Where the dispute is between a lawyer and client, those rules provide – even if "the respondent lawyer refuses to be bound" – that "the award rendered will be considered as prima facie evidence of the fairness of the award and the burden of proof shall shift to the lawyer to prove otherwise." Rule 6-502. Here, Kent agreed to be bound. So, upon a showing that he refused to pay the award, the superior court was authorized and required to enter judgment on it. Rule 6-501.

That judgment was properly entered against Kent personally. It is true that Rule 6-501 speaks of the "parties." But the arbitration rules speak of "parties" when referring to both lawyer and client and of the "lawyer" when speaking of the lawyer. Rule 6-201 (h) (2), 6-402, 6-501, 6-502. Under the State Bar's rules, "'Lawyer,' denotes a person authorized by the Supreme Court of Georgia or its Rules to practice law in the State of Georgia. . . ." Rule 1.0 (j). Although now stripped of that authority, Kent remains, under the terms of those rules, bound by his agreement and personally liable.