A96A0471. PARKS v. ANDERSON.
(470 SE2d 811)

ANDREWS, Judge.

This Court granted the application of Parks, an attorney, from the superior court's dismissal of his arbitration award against a former client, Anderson. We reverse the trial court's dismissal of the

award and the grant of attorney fees to Anderson.[1]

1. Parks initiated fee arbitration with Anderson, pursuant to Part VI of the State Bar Rules. 247 Ga. A-2 Part VI. An award of $5,750 in Parks' favor was issued by the arbitrators on February 11, 1994. Thereafter, pursuant to Rule 6-501, Anderson requested that the award be filed on the records of the superior court. Pursuant to that rule, the original award was filed with the superior court, given a civil action number, assigned to a judge, and served on "all parties, *with notice that if no objection under oath, including facts indicating that the award was the result of accident, or mistake, or the fraud of some one or all of the arbitrators or parties, or is otherwise illegal, is filed within thirty (30) days, the award shall become final.*" (Emphasis supplied.)

The only provision in the rules for the superior court's taking any action other than allowing the award to become final is "[i]n the event an objection is properly filed." Rule 6-501. In such a situation, the court sits under the same rules and regulations as are prescribed for the trials of appeals and may take the following actions: "affirm the award, vacate the award, or return the award to the arbitrators with specific directions for further consideration."

In the present situation, no objection was filed and the award, as a matter of law, became final upon the expiration of the 30-day period for filing objections. See generally OCGA § 1-3-1.

The superior court nonetheless, on April 6, 1995, entered its order "that the amount awarded to [Parks] by [the] State Bar of Georgia Fee Arbitration Panel be dismissed" and that Parks pay Anderson attorney fees of $500. No authority is cited for such an action, which flies in the face of the wording of the Rules and the Georgia Arbitration Code.

As provided by OCGA § 9-9-1, the Georgia Arbitration Code applies to all proceedings in which, as here, the parties have agreed to arbitrate their dispute. As recently held in *Greene v. Hundley*, 266 Ga. 592 (468 SE2d 350) (1996), there are only four possible statutory bases (which are included in the wording of Rule 6-501) upon which to vacate an arbitration award, none of which applies here. Id. at 595 (3).

2. No legal or factual basis is cited by the court in its grant of attorney fees to Anderson. There is no legal provision for such an award in the Rules or other attorney fees statutes. See generally OCGA §§ 13-6-11 & 9-15-14. Therefore, this award was improper.

The order of the trial court is vacated in its entirety and this matter remanded to the superior court where, upon receipt of the

---

[1] It is also noted that no brief was filed in this Court by Anderson.

remittitur, the arbitrators' award shall become final.

*Judgment vacated and remanded. Pope, P. J., and Smith, J., concur.*

DECIDED MAY 3, 1996.

*Kirwan, Parks, Chesin & Remar, Harlan S. Miller III,* for appellant.

*John A. Roberts,* for appellee.