## A96A1305. ANTINORO v. BROWNER.
(478 SE2d 392)

ANDREWS, Judge.

Pursuant to the Arbitration of Fee Disputes (AFD) program of the State Bar of Georgia,[1] Ronald Browner filed a petition for arbitration with the State Bar Committee on the Arbitration of Attorney Fee Disputes (the Committee) complaining that his former lawyer, Len Antinoro, contracted with him to perform certain legal services, accepted a $19,000 fee, but failed to fully perform the services. Browner sought a partial refund of the fee and agreed to be bound by the arbitration. Antinoro filed a response to the petition denying that any refund was due and refusing to be bound by the result of the arbitration. The Committee accepted jurisdiction over the fee dispute, but, because Antinoro refused to be bound, the arbitration hearing was conducted ex parte according to the provisions of the AFD program. The arbitration panel entered an award finding that Antinoro owed Browner a refund of $16,777 of the fee. Under the terms of the AFD program, the State Bar provided legal counsel to Browner at no cost to represent him in subsequent litigation against Antinoro seeking a judgment in the amount of the award. After a bench trial of the subsequent action filed against Antinoro in the Clayton County State Court, the trial court entered judgment in favor of Browner in the amount of the $16,777 award, and Antinoro appeals.

1. Antinoro claims the trial court erred by denying his motion for summary judgment made on the basis that the statute of limitation applicable to actions for breach of the attorney-client contract had expired when the subsequent action to collect the award was filed.

[1] See Rules and Regulations for the Organization and Government of the State Bar of Georgia, Part VI, Rules 6-101 et seq., Ga. Ct. & Bar Rules (1995), pp. 11-94 to 11-103; 247 Ga. A-2 to A-11; 257 Ga. 952-973.

Since the record does not reflect that the parties entered into a written contract, the statute of limitation applicable to Browner's claim that Antinoro breached an oral attorney-client employment contract is OCGA § 9-3-25 which requires that an action for breach of the contract be filed within four years from the date of the breach of duty. *Frates v. Sutherland, Asbill & Brennan*, 164 Ga. App. 243, 244-246 (296 SE2d 788) (1982). The applicable breach of duty in this case occurred when Antinoro ceased his representation of Browner during a trial on March 3, 1982, at which time the four-year limitation period began to run. Id. at 244. Browner filed his petition with the Committee on February 24, 1984. Antinoro does not dispute that the petition for arbitration was timely filed with the Committee within two years following the date on which the controversy arose as required by Rule 6-201 (e) of the AFD program. After the arbitration hearing, the arbitrators rendered an award in favor of Browner on September 27, 1985. However, it was not until April 21, 1989, over seven years after the four-year limitation period commenced running, that Browner, represented by State Bar counsel under the AFD program, filed the action at issue against Antinoro seeking a judgment in the amount of the award. Thus, the issue presented is whether the four-year limitation period of OCGA § 9-3-25 barred the subsequent action.

In addressing this issue, we first consider the creation and purpose of the AFD program and its operation under the particular facts of this case. The State Bar of Georgia operates as an administrative arm of the Georgia Supreme Court to assist the Court in the exercise of its judicial function to regulate the practice of law. *Wallace v. Wallace*, 225 Ga. 102 (166 SE2d 718) (1969). In aid of the Supreme Court in the exercise of its judicial power, the legislature has given statutory recognition to the authority of the Supreme Court to create the State Bar and adopt rules and regulations recommended by the State Bar to regulate the practice of law. OCGA § 15-19-30 et seq.; *Wallace*, supra at 109. In this capacity, the State Bar recommended, and the Supreme Court approved, the creation of the AFD program to provide an alternative method to traditional litigation to resolve disputes between lawyers and clients over fees. AFD program, supra, Preamble; see *Hardin Constr. Group v. Fuller Enterprises*, 265 Ga. 770, 771 (462 SE2d 130) (1995). Although the AFD program requires that petitioners, whether lawyers or clients, must agree to be bound by the result of the arbitration, it does not require that respondent lawyers agree to be bound. AFD program, supra, Preamble.

In the event the respondent lawyer agrees to be bound, the AFD program provides that the arbitrators' award is final and binding upon both lawyer and client and may be enforced according to the general arbitration laws of Georgia (Rule 6-417) and specific proce-

dures set forth for obtaining a review of the award in the appropriate superior court. AFD program, supra, Rule 6-501; see *Parks v. Anderson*, 221 Ga. App. 270 (470 SE2d 811) (1996). In this event, the AFD program sets forth procedures analogous to those used in binding arbitration under the Georgia Arbitration Code (OCGA § 9-9-1 et seq.) by which an award can be affirmed or vacated in the superior court by special proceedings. Rules 6-417, 6-501; see *Hardin Constr. Group*, supra at 771. Since Antinoro refused to be bound, these enforcement procedures did not apply.

Where a respondent lawyer refuses to be bound, a unique feature of the AFD program provides that, if the Committee takes jurisdiction of the complaint and determines that a hearing is warranted, "the matter will not be dismissed, but an ex parte arbitration hearing will be held. If the outcome of this hearing is in the client's favor, the State Bar will provide a lawyer at no cost to the client to represent the client in subsequent litigation to adjust the fee in accordance with the arbitration award. This is intended to relieve the client of the burden of paying a second lawyer to recover fees determined to have been excessively charged by the first lawyer." AFD program, supra, Preamble. A respondent lawyer who will not agree to be bound by the arbitrators' decision may attend the ex parte hearing but waives the right to participate except upon the express consent of the arbitrators. Rule 6-402. Where the client receives a favorable award to which he has agreed to be bound, and the respondent lawyer refuses to be bound by it, the State Bar will provide the General Counsel, Assistant General Counsel, or another volunteer lawyer to represent the client without cost (other than actual litigation expenses) "in any litigation necessary to adjust the fee in accordance with the award." Rule 6-502. Furthermore, "[i]n such cases, the award rendered will be considered as prima facie evidence of the fairness of the award and the burden of proof shall shift to the lawyer to prove otherwise." Rule 6-502 (a).

Thus, the AFD program recognizes that, where the respondent lawyer has refused to be bound by the arbitration and resulting award, "subsequent litigation" by the client may be "necessary to adjust the fee in accordance with the award." Rule 6-502. We construe this to mean that, if a respondent lawyer who refused to be bound by the arbitration refuses to comply with the resulting award, the enforcement mechanisms of the AFD program applicable to binding arbitration do not apply, and the client who agreed to be bound by the award may file a civil action seeking a personal judgment against the lawyer in the amount of the award. In such subsequent litigation, the AFD program gives the client the benefit of free legal representation and a rule establishing the award as prima facie evidence of its fairness. AFD program, supra, Rule 6-502. Accordingly,

Browner's suit filed on April 21, 1989, was not a special proceeding seeking review and confirmation of an arbitration award to which the parties agreed to be bound, but a civil action seeking a personal judgment against Antinoro in the amount of the non-binding award made under the AFD program. Compare *Vlass v. Security Pacific Nat. Bank*, 263 Ga. 296, 297 (430 SE2d 732) (1993). Since the litigation filed by Browner on April 21, 1989, was a civil action, the four-year limitation period of OCGA § 9-3-25 was applicable, and we must determine whether the statute barred the action under the present facts.

A basic purpose of the AFD program is to provide a means to encourage the resolution of fee disputes between lawyers and clients without resort to traditional litigation. In order to give effect to this purpose and encourage use of the program, we conclude that Browner's timely filing of a petition to arbitrate under the AFD program prior to the expiration of the four-year statute of limitation applicable to the civil action sought to be arbitrated tolled the statute of limitation during the pendency of the AFD proceedings. The AFD program provides for notice to respondents of the complaint and notice of and the right to attend all arbitration hearings. Thus, tolling the applicable statute of limitation during the AFD proceedings does not frustrate the fundamental purpose of the limitation period which is to ensure that an adverse party has timely notice of a claim so he can investigate the claim and prepare a defense while the facts are still fresh. See *Butler v. Glen Oak's Turf*, 196 Ga. App. 98, 99 (395 SE2d 277) (1990); compare *Mitcham v. Blalock*, 214 Ga. App. 29, 31 (447 SE2d 83) (1994).

Applying this rule, we have no difficulty concluding that the statute of limitation was tolled from the date the petition was filed until the award was rendered by the arbitrators in favor of Browner on September 27, 1985. It is not clear, however, whether the statute of limitation continued to be tolled for the entire period after the award was rendered until the subsequent civil action was filed by Browner on April 21, 1989. The AFD program contemplates that, where the fee dispute is not resolved after a non-binding award is rendered in favor of the client, subsequent litigation against the lawyer may be necessary to collect the award. The AFD proceedings remain pending after the award to the extent that the program aids in the continuing collection effort by providing the client with free legal representation to file any necessary collection action and an evidentiary presumption in favor of the fairness of the award. But the program does not set forth any time limit applicable to filing subsequent litigation. In the absence of any time limit, we conclude that, after the award is rendered, the client must act with reasonable diligence in pursuing collection of the award and in filing any civil action

necessary to accomplish that purpose. Accordingly, when a client files a civil action to collect an award under the AFD program after the applicable statute of limitation has expired, the client must show that he acted with reasonable diligence in filing the action in order for the statute to be tolled for the period between the award and the action.

Whether or not the client acted with reasonable diligence is an issue to be determined within the discretion of the trial court based on the facts of each case. See *Bennett v. Matt Gay Chevrolet Oldsmobile*, 200 Ga. App. 348, 349-350 (408 SE2d 111) (1991). Since no such determination has been made by the trial court in this case, we vacate the trial court's denial of Antinoro's motion for summary judgment on the statute of limitation defense and remand the case to give the parties an opportunity to present additional evidence on this issue for consideration by the trial court in accordance with this opinion.

2. We find no error in the trial court's denial of Antinoro's motion to dismiss the action on the basis that Ronald Browner was not the real party in interest to bring the civil action to collect the award rendered in his favor under the AFD program.

3. Browner's motion to dismiss the appeal based on the fact that no transcript of the trial testimony was included on appeal is denied.

*Judgment affirmed in part, vacated in part, and case remanded with directions. Pope, P. J., concurs. Smith, J., concurs in the judgment only.*

DECIDED NOVEMBER 4, 1996 —
RECONSIDERATION DENIED NOVEMBER 25, 1996 —

*Len Antinoro*, pro se.

*William P. Smith III, General Counsel State Bar, Paula J. Frederick, Assistant General Counsel*, for appellee.