## S00A2035. NODVIN v. STATE BAR OF GEORGIA.

(544 SE2d 142)

CARLEY, Justice.

A former client of attorney Marvin P. Nodvin filed a petition with the State Bar's Committee on the Arbitration of Fee Disputes. Nodvin responded, but exercised his right not to be bound by the result of the arbitration, and the Committee accepted jurisdiction over the fee dispute. Nodvin then brought suit for injunctive and declaratory relief and for damages, primarily challenging the constitutionality of those fee arbitration rules which provide for selection of the lawyer arbitrators and, in the event of ensuing litigation, for the client to be represented by a lawyer and that there be a presumption of fairness of the award. State Bar Rules 6-303 (a), 6-502. The trial court rejected Nodvin's constitutional claims and granted the State Bar's motion to dismiss. Nodvin appeals from this order.

1. The State Bar rules governing arbitration of fee disputes are grounded in this Court's inherent and exclusive authority to govern the practice of law in Georgia. *Wallace v. State Bar of Ga.*, 268 Ga. 166, 167 (1) (486 SE2d 165) (1997); *Antinoro v. Browner*, 223 Ga. App. 664, 665 (1) (478 SE2d 392) (1996). " 'Matters relating to the practice of law, including the admission of practitioners, their discipline, suspension, and removal, are within the inherent and exclusive power of the Supreme Court of Georgia. (Cits.)' [Cit.]" *Scanlon v. State Bar of Ga.*, 264 Ga. 251, 252 (1) (443 SE2d 830) (1994). Surely this "authority to regulate nearly every facet of the profession, from the application and admission process to attorney discipline and disbarment, also includes the authority to regulate" in the area of fee disputes. *Shimko v. Lobe,* 706 NE2d 354, 359 (II) (Ohio App. 1997). See also *Antinoro v. Browner,* supra at 665 (1). "Though critically important, it is but a minor regulation of the practice of law compared to others whose validity is beyond dispute." *In the Matter of LiVolsi,* 428 A2d 1268, 1272 (II) (A) (N.J. 1981). This rationale justifies both regulation of the fee arbitration process and restriction on subsequent judicial review. See *Miller v. Purvis,* 921 P2d 610, 615-616 (Alaska 1996).

2. Nodvin urges that Rules 6-303 (a) and 6-502 violate his state and federal constitutional rights to equal protection. Because the

protection provided in the Equal Protection Clause of the United States Constitution is coextensive with that provided in Art. I, Sec. I, Par. II of the Georgia Constitution of 1983, we apply them as one. *Union City Bd. of Zoning Appeals v. Justice Outdoor Displays*, 266 Ga. 393, 400 (3) (467 SE2d 875) (1996); *Grissom v. Gleason*, 262 Ga. 374, 376 (2) (418 SE2d 27) (1992). Since attorneys are not a protected "suspect class" and the deprivation of a fundamental right is not involved, there need be only a rational basis supporting the difference in treatment between attorneys and clients and between attorneys and other professionals. *Guralnick v. Supreme Court of New Jersey*, 747 FSupp. 1109, 1114 (D) (D. N.J. 1990); *In the Matter of LiVolsi*, supra at 1273 (II) (B). In *Goldfarb v. Va. State Bar*, 421 U. S. 773, 792 (95 SC 2004, 44 LE2d 572) (1975), the Supreme Court of the United States "recognized the interest of a state in regulating the legal profession and attorney-client relationship to be a 'compelling' one. [Cit.]" *Guralnick v. Supreme Court of New Jersey*, supra at 1114 (D).

> A "compelling" state interest meets and surpasses the requirements of the rational basis test, which requires only a "legitimate" interest. Further, this court finds the maintenance of public confidence in the judicial system to be a legitimate state interest. [Cit.] Requiring attorneys to justify their fees in an inexpensive forum before an impartial panel is rationally related to the maintenance of the public's confidence in the legal system and to the interest in minimizing the burden on both the client and the attorney.

*Guralnick v. Supreme Court of New Jersey*, supra at 1114-1115 (D). See also *In the Matter of LiVolsi*, supra at 1273 (II) (B). Accordingly, the challenged rules do not violate Nodvin's equal protection rights.

3. Nodvin asserts that Rules 6-303 (a) and 6-502 violate his federal constitutional right to due process, but fails to explain how they do so.

> "The fundamental idea of due process is notice and an opportunity to be heard. (Cit.) Due process (does not guarantee) a particular form or method of state procedure. (Cit.)" [Cit.] Rather, as the United States Supreme Court recognized in *Mathews v. Eldridge*, 424 U. S. 319, 334-335 (96 SC 893, 47 LE2d 18) (1976): " '(d)ue process,' unlike some legal rules, is not a technical conception with a fixed content unrelated to time, place and circumstances." (Cit.) "Due process is flexible and calls for such procedural protections as the particular situation demands." [Cit.]

*Hood v. Carsten*, 267 Ga. 579, 580 (481 SE2d 525) (1997). The fee arbitration rules contain adequate safeguards to insure that they will not arbitrarily or unfairly prevent attorneys involved in fee disputes from collecting a reasonable fee for professional services. The rules provide adequate notice of all proceedings, a hearing before fair and impartial arbitrators, and a right of judicial review limited only by a presumption which shifts the burden of proof to the attorney. See *Shimko v. Lobe*, supra at 358 (II). See also *Guralnick v. Supreme Court of New Jersey*, supra at 1113-1114 (C) (no provision for judicial review); *Miller v. Purvis*, supra (limited judicial review). Several considerations are unique to attorney's fee arbitration, including the importance of public confidence in the attorney-client relationship, "the difficulty which clients of limited income may have in procuring an attorney to represent them against another attorney, and the vulnerability of clients when litigating against their former lawyers." *Miller v. Purvis*, supra at 618. Nodvin has not met his burden under *Mathews v. Eldridge*, supra, of establishing that the risk of an unconstitutional deprivation of his right to collect a reasonable fee outweighs the valid governmental interest in maintaining control over fee disputes or that the fee arbitration rules do not further that interest. *Shimko v. Lobe*, supra at 359 (II).

4. Nodvin contends that Rules 6-303 (a) and 6-502 violate the federal constitutional guarantee of a trial by jury in civil cases. However, as the Supreme Court of the United States has specifically held, the right to a jury trial in the Seventh Amendment of the Federal Constitution is not incorporated into the Fourteenth Amendment and, therefore, is not applicable to the states. *Minneapolis & St. Louis R. Co. v. Bombolis*, 241 U. S. 211 (36 SC 595, 60 LE 961) (1916); *In the Matter of LiVolsi*, supra at 1273 (II) (C), fn. 7. See also *Swails v. State*, 263 Ga. 276, 277 (2) (431 SE2d 101) (1993).

5. Nodvin further contends that Rules 6-303 (a) and 6-502 violate his federal and state constitutional rights to the privileges and immunities of citizenship. Because Nodvin does not show how his rights of national citizenship have been abridged, we refuse to hold the fee arbitration rules unconstitutional on this ground. *McAllister v. American Nat. Red Cross*, 240 Ga. 246, 249 (2) (240 SE2d 247) (1977). Furthermore, Nodvin has not asserted any right, privilege, or immunity due to his state citizenship other than equal protection, which we have already addressed. *Ambles v. State*, 259 Ga. 406, 407 (2) (383 SE2d 555) (1989).

6. Nodvin also urges that the trial court erroneously disregarded the allegation of his verified complaint that the fee dispute arose more than two years prior to the filing of the petition for arbitration. The Committee may accept jurisdiction of a fee dispute only if "[a] petition seeking arbitration of the dispute is filed with the Commit-

tee by the lawyer or the client no more than two (2) years following the date on which the controversy arose. . . ." Rule 6-201 (e). However, this rule also provides for the determination of any disputed date. The parties clearly dispute the date on which the controversy arose, but there has not yet been a resolution of the issue as provided in the rule. Thus, judicial consideration of this question would be premature and must await a ruling thereon and completion of the arbitration process.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 19, 2001.

*Marvin P. Nodvin*, pro se.

*Nall, Miller, Owens, Hocutt & Howard, Robert L. Goldstucker, Paul J. Pontrelli*, for appellee.