# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 32922

ROBERT L. WILHELM,

    Plaintiff-Respondent,

v.

STEVE P. FRAMPTON,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

Coeur d'Alene, April 2007 Term

2007 Opinion No. 63

Filed: April 27, 2007

Stephen W. Kenyon, Clerk

Appeal from the District Court of the First Judicial District of the State of Idaho, in and for Kootenai County. The Hon. John T. Mitchell, District Judge.

The order of the district court is <u>reversed</u>.

Ian D. Smith, Coeur d'Alene, for appellant.

Amendola Andersen & Doty, PLLC, Coeur d'Alene, for respondent. Gary Amendola argued.

_____

EISMANN, Justice.

This is a permissive appeal from a decision holding that the statute of limitations on an action to recover an allegedly excessive fee charged by an attorney was tolled while nonbinding fee arbitration proceedings were pending before the Idaho State Bar. We hold that the statute of limitations was not tolled and reverse.

## I. FACTS AND PROCEDURAL HISTORY

In May and June 1997, Robert Wilhelm (Wilhelm) was arrested on two drug-related felony charges. He retained attorney Steven Frampton to represent him on both cases. On June 15, 1998, Wilhelm was sentenced to an indeterminate term of life in the custody of the Idaho Board of Correction, with a minimum period of confinement of seven and one-half years. Wilhelm paid Frampton about $30,000 for his services.

In February 1999, Wilhelm wrote Frampton requesting an itemization of the services he had rendered for the fees charged. By letter dated March 3, 1999, Frampton refused to provide the information, stating that he had already provided Wilhelm with an itemization of all hourly charges and a description of the services rendered. He added that he had purged his computer records after sending a copy of Wilhelm's file to his new counsel.

On March 9, 1999, Wilhelm filed a complaint with the Idaho State Bar (Bar) stating that he had paid Frampton $30,000 for legal services worth no more than $10,000 and asking the Bar to seize Frampton's computer to see if the files could be recovered from its hard drive. Wilhelm also alleged that Frampton had previously stated that he had a copy of the documents in storage and asked the Bar to order Frampton to provide them. Wilhelm concluded by stating that once he received the records, he intended to file a complaint for fraud.

The Bar asked Frampton to provide the records requested by Wilhelm. Frampton located his records and provided billing information, although Wilhelm disputed its accuracy and completeness. After several exchanges with the Bar, Wilhelm asked for information regarding fee arbitration. Finally, on November 29, 1999, the Bar sent Wilhelm a letter stating that bar counsel had concluded that Frampton had not violated the Idaho Rules of Professional Conduct. A fee arbitration packet was enclosed with the letter. On February 18, 2000, Wilhelm asked that bar counsel's decision be reviewed and that Wilhelm's allegations of fraud also be reviewed.

A hearing committee of the Professional Conduct Board was appointed to hear Wilhelm's appeal of bar counsel's decision. It scheduled a telephone hearing on June 13, 2000. The hearing committee held the hearing by telephone, and on June 22, 2000, it issued its written opinion. It found that there was not sufficient evidence of fraud but remanded the case for bar counsel to conduct a further investigation into whether Frampton's recordkeeping and billing practices constituted a violation of Rule 1.5(f) of the Idaho Rules of Professional Conduct. Bar counsel then commenced an investigation into the concerns expressed by the hearing committee in its decision.

On June 12, 2000, the day prior to the telephonic hearing before the hearing committee, Wilhelm filed a civil action against Frampton to recover damages. Frampton filed a motion to dismiss that action pursuant to Rule 12(b)(6) of the Idaho Rules of Civil Procedure, contending that it was barred by the two-year statute of limitations in Idaho Code § 5-219. On October 30, 2000, the district court entered an order dismissing the claim of fraud. Frampton then filed a

2

motion to dismiss under Rule 4(a)(2) for failure to serve process timely. Wilhelm filed a notice stating he had no objection to that motion. The district court construed the motion and lack of objection as a stipulation to dismiss under Rule 41(a)(1)(ii), and on February 23, 2001, it entered an order dismissing any remaining claims without prejudice.

On July 27, 2001, bar counsel issued a written opinion regarding her investigation into Frampton's recordkeeping and billing practices. Bar counsel determined that Frampton had complied sufficiently with Rule 1.5(f) and concluded that the grievance should be dismissed. Wilhelm appealed bar counsel's decision. A second hearing committee was appointed, and on March 29, 2002, it issued its decision finding that Frampton had violated Rule 1.5(f) and recommending a private reprimand. Both parties sought review by this Court, which upheld the private reprimand.

On November 29, 1999, and again on February 28, 2000, the Bar had sent Wilhelm a packet of forms and information to request fee arbitration. On October 16, 2000, Wilhelm requested fee arbitration. Frampton refused to consent to binding arbitration, and the Bar declined to proceed with the arbitration. On appeal, this Court held that the rules in effect at the time required the Bar to still conduct the proceedings even if it would be nonbinding because the attorney refused to consent to binding arbitration. An arbitration panel heard the matter on January 17, 2005. The next day it issued its written decision finding that Wilhelm had paid Frampton $29,929; that the reasonable value of the services rendered by Frampton was $5,320; and that Wilhelm was entitled to a refund of $24,609.

On May 20, 2005, Wilhelm filed this action seeking excessive fees allegedly charged by Frampton under a breach of contract theory. On June 24, 2005, Frampton moved to dismiss this action on the ground that Wilhelm's claim is barred by the statute of limitations. Relying upon an opinion by the Georgia court of appeals, *Antinoro v. Browner*, 478 S.E.2d 392 (Ga. Ct. App. 1996), the district court held that the statute of limitations on Frampton's claim was tolled from March 9, 1999, when he filed a complaint with the Bar, until January 18, 2005, when the arbitration panel issued its decision. It therefore denied Frampton's motion to dismiss. We granted Frampton's motion for a permissive appeal.

3

## II. ANALYSIS

"Statutes of limitation in Idaho are not tolled by judicial construction but rather by the expressed language of the statute." *Independent School Dist. of Boise City v. Callister*, 97 Idaho 59, 63, 539 P.2d 987, 991 (1975). There is no statute in Idaho that tolls the running of the statute of limitations in cases such as this one. Idaho Code § 5-234 does provide, "When the commencement of an action is stayed by injunction or statutory prohibition the time of the continuance of the injunction or prohibition is not part of the time limited for the commencement of the action." There was no injunction or statute that stayed Wilhelm's action against Frampton or that barred him from commencing this action until the nonbinding arbitration was completed. Therefore, the district court erred in holding that the statute of limitations was tolled by the pendency of the nonbinding fee arbitration proceedings. In a situation such as this, the client must file the lawsuit and ask the court to stay it pending the completion of the fee arbitration proceedings.

## III. CONCLUSION

The decision of the district court holding that the statute of limitations was tolled in this case is reversed and this case is remanded for further proceedings. We award costs on appeal to the appellant.

Chief Justice SCHROEDER, and Justices TROUT, BURDICK and JONES **CONCUR**.

4