## A10A1420. PRINCE v. BAILEY DAVIS, LLC et al.
(701 SE2d 492)

MCMURRAY, Senior Appellate Judge.

This case arises out of a dispute over attorney fees between Jeffrey Prince and his former counsel, Charles Lee Davis, Jr., which was submitted to binding arbitration before the State Bar Committee on the Arbitration of Attorney Fee Disputes.[1] The arbitrators issued an award in favor of Davis, and Davis filed an application to confirm the arbitration award, which the superior court granted. On appeal, Prince contends that the superior court erred by not dismissing Davis's application for failure to comply with the State Bar of Georgia's arbitration enforcement procedures. For the reasons discussed below, we affirm the superior court's confirmation of the arbitration award.

The record shows that Prince retained Davis to defend him in a civil lawsuit, and the parties entered into an engagement contract in

[1] Davis's law firm, Bailey Davis, LLC, is also a party to this appeal. Davis and his law firm will be referred to collectively as "Davis."

which they agreed to submit any dispute over attorney fees to binding arbitration through the Arbitration of Fee Disputes ("AFD") program of the State Bar of Georgia. See State Bar of Georgia Handbook, Part VI, Rules 6-101 et seq., pp. H-135 to H-138. When the parties were unable to agree on the amount of fees that were owed, Davis filed a petition for arbitration pursuant to the AFD program. Following an arbitration hearing, the State Bar arbitration committee awarded $10,000 in attorney fees to Davis. Davis then filed an application to confirm the arbitration award in the Superior Court of Cobb County under the Georgia Arbitration Code, OCGA § 9-9-1 et seq., which, along with a copy of the award, was served upon Prince in the same manner as a civil complaint. See OCGA §§ 9-9-4 (a) (2), (c) (2); 9-9-12.

Prince answered and later filed a motion to dismiss. He argued that Davis's motion to confirm should be dismissed because the arbitration award had not been filed or served in accordance with Rule 6-501 of the AFD program. That rule provides in relevant part:

> In cases where both parties agreed to be bound by the result of the arbitration and the award is not satisfied within thirty (30) days after the date of its mailing or other service by the Committee, either party may request the filing of the award on the records of the Superior Court of the county of residence of the party who has failed to satisfy the award. . . . The said request shall be in writing with a copy mailed to the opposing party, shall be accompanied by all filing fees, and shall designate the appropriate county in which the award is to be entered. The Committee shall then mail the original award to the Clerk of the Superior Court of the designated county who shall file it in the same manner as the commencement of a new civil action and shall serve a copy bearing the civil action number and judge assignment by certified mail on all parties, with notice that if no objection under oath, including facts indicating that the award was the result of accident, or mistake, or the fraud of some one or all of the arbitrators or parties, or is otherwise illegal, is filed within thirty (30) days, the award shall become final. Upon application of the party filing the award, the Clerk of Superior Court shall issue a Writ of FiFa. The FiFa may then be entered on the general execution docket in any jurisdiction. . . .

Rule 6-501. Prince emphasized that he never received notice of the 30-day deadline for objecting to the arbitration award as required by Rule 6-501, resulting in him failing to object to the award within that

time period.

Davis responded that the enforcement procedures of the Georgia Arbitration Code, rather than Rule 6-501 of the AFD program, controlled in this case.[2] As such, he contended that the superior court should deny Prince's motion to dismiss for failure to comply with Rule 6-501. Davis further responded that the arbitration award should be confirmed because Prince had not objected to the award on any of the grounds set forth in OCGA § 9-9-13 (b) of the Georgia Arbitration Code for vacating an award.[3]

After hearing oral argument, the superior court denied Prince's motion to dismiss and confirmed the arbitration award. The court rejected Prince's argument that Rule 6-501 controlled in this case rather than the enforcement procedures of the Georgia Arbitration Code.

The trial court committed no error in declining to dismiss Davis's motion to confirm the arbitration award. Our construction of the AFD rules leads us to conclude that Rule 6-501 does not provide the exclusive means for enforcing an arbitration award issued by the State Bar arbitration committee in a dispute over attorney fees. Davis, therefore, was not required to comply with the filing and service requirements imposed by Rule 6-501 under the circumstances of this case.

Three principles of statutory construction are most pertinent to this case:

> First, courts should construe a statute to give sensible and intelligent effect to all of its provisions and should refrain, whenever possible, from construing the statute in a way

---

[2] The Georgia Arbitration Code provides for the enforcement of arbitration awards through the filing of an application to confirm the award by the party seeking enforcement and requires that the application be filed and served in the same manner as a complaint in a civil action. See OCGA §§ 9-9-4 (a) (2), (c) (2); 9-9-12. The Arbitration Code also provides that a party seeking to vacate an arbitration award must object to the award "within three months after delivery of a copy of the award to the [party]." OCGA § 9-9-13 (a).

[3] OCGA § 9-9-13 (b) provides:

The award shall be vacated on the application of a party who either participated in the arbitration or was served with a demand for arbitration if the court finds that the rights of that party were prejudiced by:

(1) Corruption, fraud, or misconduct in procuring the award;

(2) Partiality of an arbitrator appointed as a neutral;

(3) An overstepping by the arbitrators of their authority or such imperfect execution of it that a final and definite award upon the subject matter submitted was not made;

(4) A failure to follow the procedure of this part, unless the party applying to vacate the award continued with the arbitration with notice of this failure and without objection; or

(5) The arbitrator's manifest disregard of the law.

that renders any part of it meaningless. Second, a court's duty is to reconcile, if possible, any potential conflicts between different sections of the same statute, so as to make them consistent and harmonious. Third, in construing language in any one part of a statute, a court should consider the entire scheme of the statute and attempt to gather the legislative intent from the statute as a whole.

(Citations and punctuation omitted.) *Footstar v. Liberty Mut. Ins. Co.*, 281 Ga. 448, 450 (637 SE2d 692) (2006). We apply the same principles of construction to administrative rules and regulations. See *Walker v. Dept. of Transp.*, 279 Ga. App. 287, 292 (2) (a) (630 SE2d 878) (2006).

Mindful of these principles, we turn to the AFD program and its procedures for enforcing an arbitration award issued by the State Bar arbitration committee. As we have explained,

[t]he State Bar of Georgia operates as an administrative arm of the Georgia Supreme Court to assist the Court in the exercise of its judicial function to regulate the practice of law. In aid of the Supreme Court in the exercise of its judicial power, the legislature has given statutory recognition to the authority of the Supreme Court to create the State Bar and adopt rules and regulations recommended by the State Bar to regulate the practice of law. In this capacity, the State Bar recommended, and the Supreme Court approved, the creation of the AFD program to provide an alternative method to traditional litigation to resolve disputes between lawyers and clients over fees.

(Citations omitted.) *Antinoro v. Browner*, 223 Ga. App. 664, 665 (1) (478 SE2d 392) (1996). See OCGA § 15-19-31; *Nodvin v. State Bar of Ga.*, 273 Ga. 559 (1) (544 SE2d 142) (2001); *Wallace v. Wallace*, 225 Ga. 102, 109-112 (3) (a) (166 SE2d 718) (1969).

The AFD program contains several provisions that address the enforceability of an arbitration award, where, as here, both the attorney and client agreed to be bound by the arbitration.[4] The preamble to the AFD rules provides that "the resulting arbitration award will be enforceable under the general arbitration laws of the State." Rule 6-417 likewise provides: "If both parties have agreed to be bound by the arbitration, the award of the arbitrators is final and

---

[4] A different set of unique procedures applies in cases where the attorney does not agree to be bound by the arbitration. See AFD Program, preamble, Rules 6-402, 6-502. See also *Antinoro*, 223 Ga. App. at 666-667 (1).

binding upon them and may be enforced as provided by the general arbitration laws of the state." In contrast, Rule 6-501 sets forth a specific set of summary enforcement procedures under which the *State Bar arbitration committee*, upon request of the party seeking enforcement, causes the arbitration award to be filed in the superior court, and the award automatically becomes final within 30 days if no objection is filed, so long as certain service and notice requirements are fulfilled by the *arbitration committee*.

Reading these provisions in pari materia with one another, we construe the AFD rules to authorize a party seeking enforcement of the arbitration award to elect between the filing and service procedures "provided by the general arbitration laws of the State," i.e., the Georgia Arbitration Code, and the filing and service procedures for the more summary and expedited proceeding authorized by Rule 6-501. This construction of the AFD rules has the virtue of harmonizing the preamble, Rule 6-417, and Rule 6-501, as well as ensuring that none of the three provisions is rendered meaningless or mere surplusage.

Accordingly, a party seeking to enforce the results of the arbitration over attorney fees may elect to file an application for confirmation of the award in the superior court pursuant to the Georgia Arbitration Code, OCGA § 9-9-12.[5] The party must file and serve the application in the same manner as a complaint in a civil action, see OCGA § 9-9-4 (a) (2), (c) (2), and the 30-day deadline for objections set forth in Rule 6-501 is not applicable. On the other hand, a party seeking to enforce the results of the arbitration may elect to proceed under Rule 6-501 of the AFD rules by making a request to the State Bar arbitration committee for the filing of the award on the records of the superior court. In response to the request, the arbitration committee must comply with the filing and service requirements set forth in that rule, and the 30-day deadline for objections applies. See *Parks v. Anderson*, 221 Ga. App. 270, 271 (1) (470 SE2d 811) (1996).

Here, Davis elected to file an application for confirmation of the award in the superior court pursuant to OCGA § 9-9-12 of the Georgia Arbitration Code, and it is undisputed that Davis complied with the filing and service requirements of the Code. Consequently, the filing, service, and notice requirements for summary proceedings under Rule 6-501 of the AFD rules did not apply in this case, contrary to Prince's assertion in his motion to dismiss. Compare

---

[5] OCGA § 9-9-12 provides: "The court shall confirm an award upon application of a party made within one year after its delivery to him, unless the award is vacated or modified by the court as provided in this part."

*Parks*, 221 Ga. App. at 271 (1). It follows that the superior court properly denied Prince's motion to dismiss and granted Davis's application to confirm the arbitration award.

*Judgment affirmed. Barnes, P. J., and Senior Appellate Judge G. Alan Blackburn concur.*

DECIDED AUGUST 25, 2010 —
RECONSIDERATION DENIED SEPTEMBER 14, 2010

Jeffrey M. Prince, *pro se.*
Bailey, Davis, Brown & Sutton, C. Lee Davis, for appellees.