### A10A1308. FARLEY v. BOTHWELL et al.
#### (703 SE2d 397)

BARNES, Presiding Judge.

The trial court dismissed Ilene Farley's application to confirm a fee arbitration award issued by the State Bar of Georgia against her former lawyer, Mike Bothwell, and his firm, Bothwell & Harris, P.C., and Farley appeals.[1] Because the trial court did not err in finding that the arbitration award was not binding under the State Bar Rules and the facts of this case, we affirm the dismissal.

The State Bar's Fee Arbitration program is designed to provide a convenient mechanism to resolve disputes between lawyers and clients over fees, and is administered by the State Bar Committee on the Arbitration of Fee Disputes ("Committee"). See State Bar Rules, Part VI, Arbitration of Fee Disputes, Preamble, 247 Ga. A-2. A petitioner seeking arbitration, whether lawyer or client, must agree to be bound by the award, Rule 6-201 (h) (4), and the respondent may either agree to be bound or not agree to be bound. See *Antinoro v.*

---

[18] *Baker*, supra at 214 (citation omitted; emphasis supplied).

[1] The appeal was originally filed in the Supreme Court of Georgia, which transferred it to this court, noting that the Supreme Court's authority to regulate the profession of law does not give it exclusive jurisdiction to hear all cases involving the State Bar Rules, absent some independent basis invoking subject matter jurisdiction.

*Browner*, 223 Ga. App. 664, 665-666 (1) (478 SE2d 392) (1996) (physical precedent only). The arbitration process differs depending on whether the respondent agrees to be bound by an award or not.

If both parties agree to be bound by the arbitration, "the award of the arbitrators is final and binding upon them and may be enforced as provided by the general arbitration laws of the State." Rule 6-417. In that case, a party seeking to enforce the arbitrator's decision may proceed in superior court under either the Georgia Arbitration Code[2] (*Parks v. Anderson*, 221 Ga. App. 270, 271 (1) (470 SE2d 811) (1996)), or under "the more summary and expedited proceeding" of Rule 6-501. *Prince v. Bailey Davis, LLC*, 306 Ga. App. 59 (701 SE2d 492) (2010). Under Rule 6-501, the Committee must upon request file the award in superior court. If no objections are filed within 30 days, the award becomes final, and if an objection is filed, the superior court hears the issue without a jury and renders its decision from the record without a de novo trial.

In contrast, if the respondent is a lawyer and declines to be bound by the arbitrators' decision, he may attend the arbitration hearing but waives his right to participate in it without the arbitrators' express consent. Rule 6-402, "Attendance at Hearing." Further, a nonbinding award cannot be confirmed the same way a binding award is confirmed. Instead, under Rule 6-502, "Where Lawyer Refuses to Be Bound," if the arbitration award favors the client, "the State Bar will provide a lawyer at no cost[, other than actual litigation expenses,] to the client to represent the client in subsequent litigation to adjust the fee in accordance with the arbitration award." (Punctuation omitted.) *Antinoro v. Browner*, supra, 223 Ga. App. at 666. Thus, the rules contemplate that a nonbinding award may be evidence in subsequent civil litigation seeking a personal judgment against the lawyer for the amount of the award, but

> the enforcement mechanisms of the [attorney fee dispute] program applicable to binding arbitration do not apply. . . .
> In such subsequent litigation, the [attorney fee dispute] program gives the client the benefit of free legal representation and a rule establishing the award as prima facie evidence of its fairness.

Id.

The record in this case establishes that in September 2002, Bothwell and Farley entered into a fee agreement for Bothwell to

---

[2] "The [superior] court shall confirm an [arbitration] award upon application of a party made within one year after its delivery to him, unless the award is vacated or modified by the court. . . ." OCGA § 9-9-12.

represent Farley in her "whistleblower" litigation under the federal False Claims Act (FCA). The FCA allows private citizens to sue on the government's behalf, claiming the government was defrauded, in return for a share of any recovery. Bothwell sent the fee agreement to Farley in care of attorney Max Benkel, who was counsel for Farley's corporation and was named in the agreement as Bothwell's co-counsel in the FCA litigation. The agreement provided that Bothwell was entitled to a contingency fee as well as attorney fees awarded by the court or in settlement, which are usually paid by the defendants in a successful FCA suit. Farley agreed to reimburse Bothwell's expenses, to be billed monthly, and the parties agreed that any disputes regarding bills "will be sent to binding arbitration with the Georgia Bar or a similar neutral third party."

Bothwell filed suit on Farley's behalf against the Providence Learning Center and its Head Start program, naming 14 defendants altogether, seeking to recover money allegedly owed to the United States as well as damages for Farley's alleged retaliatory discharge. The record contains little documentation regarding the specifics of the FCA case, but according to Bothwell, Farley alleged that her former employer had misused Head Start grant funds and had coerced her into resigning as program director when she raised questions. According to several affidavits addressing the allocation of the settlement funds, Farley had been earning $70,000 annually, and the grant funding her salary was terminated three months after she left the job. Her employer was insolvent and uninsured, and the FCA litigation involved fifteen depositions, more than 200,000 pages of documents, twenty contested motions, and mediation followed by a day-long mediation and three months of settlement negotiations. The United States declined to participate in the prosecution of the civil action and the parties ultimately entered into a confidential settlement in October 2007.

The settlement agreement specifies that the defendants paid Farley nothing for the FCA allegations, and paid her $550,000 in damages to settle her personal claims, which were for her alleged retaliatory discharge. The settlement agreement states that the defendants paid Bothwell $1,450,000 in attorney fees, and also that any disputes regarding the settlement would be submitted to the mediator who had worked on the case for three months. Upon consideration of the parties' stipulation of dismissal and the written consent of the United States, the district court dismissed Farley's personal and FCA claims with prejudice and dismissed the United States' FCA claims without prejudice.

The defendants paid Farley and Bothwell as agreed. Farley subsequently initiated an arbitration proceeding before the State Bar, asserting that the amount of attorney fees Bothwell received

under the settlement agreement was unreasonable. Bothwell declined to proceed under the State Bar's binding arbitration procedures, and therefore under Rule 6-402 he was not allowed to participate in the February 2009 fee arbitration hearing, although he and his counsel were present. The arbitrators found that Bothwell's failure "to submit any billing to Petitioner over the five years of his representation in this matter constituted a waiver of any claim for his billed hourly fee over and above the contingency fee agreement amount," that the settlement was for $2 million, and that Bothwell was entitled to 50 percent of that amount in addition to $53,393 in advanced expenses. The arbitrators thus directed Bothwell to "refund" $396,606 to Farley.

In August 2009, Farley filed an application in superior court to confirm the State Bar's fee arbitration award and issue judgment against Bothwell, pursuant to OCGA § 9-9-12. Bothwell answered and moved to dismiss the petition, arguing among other things that the arbitration award was nonbinding and thus could not be confirmed in a summary proceeding.

In granting Bothwell's motion to dismiss Farley's petition to confirm the arbitration award, the trial court determined that the award could not be judicially confirmed because it was the product of the State Bar's nonbinding arbitration rules and procedures. Farley argues on appeal that, because her initial fee contract with Bothwell provided that any fee dispute would be resolved by binding arbitration with the State Bar or other neutral party, her arbitration award was binding. While Farley's counsel on appeal presented a well-argued, creative case, framing the issue as involving "the integrity of the attorney-client contract," the superior court did not err in holding that this particular arbitration award was not binding under the State Bar's own rules.

Neither the trial court nor this court has considered the merits of the initial fee contract or of the settlement agreement, because the procedure Farley used to seek a judgment against Bothwell in superior court was limited to the narrow question of whether the award could be confirmed or not. This is not a finding that the "binding arbitration" provision in the fee contract is inapplicable, as Farley asserts, nor is it a finding that the subsequent settlement agreement's arbitration provision prevails over the fee contract's arbitration provision, as Bothwell argues. Whether Bothwell should have submitted to binding arbitration is a breach of contract issue that cannot be decided based on a petition to confirm an arbitration award.

Despite the numerous affidavits Bothwell submitted to the superior court attesting that the $550,000 Farley received in settlement was an "excellent result" in this case, that Bothwell's attorney

fees were proportional for this kind of action, and that Bothwell was prohibited by federal law from giving any part of his attorney fee award to Farley, these factual questions also cannot be addressed in the context of a petition to confirm an arbitration award. The only documents in this record from the federal case are the settlement agreement itself and the district court's order allowing Farley to dismiss her claims. Apparently no public record of the underlying facts in the whistleblower case exist, and if not for this fee dispute, the defendants' $2 million payment to settle the case would not be public information. Other than the amounts and mechanics of the settlement agreement, we do not know and cannot speculate on what prompted the settlement.

Based on the foregoing, the superior court's order dismissing the petition to confirm the arbitration award is affirmed.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED NOVEMBER 16, 2010 — 

*Beltran & Chandler, Frank J. Beltran, Douglas V. Chandler*, for appellant.

*Bothwell, Bracker & Vann, Julie K. Bracker, Rodgers & Hardin, Richard H. Sinkfield, Christopher J. Willis*, for appellees.