## A11A1824. MURRAY v. HOOKS.
(722 SE2d 82)

MILLER, Presiding Judge.

Ayn Murray, proceeding pro se, appeals from the trial court's order granting Isaac Hooks's petition for legitimation and awarding him physical custody of their son. On appeal, Murray generally contends that the trial court erred in its custody award and violated her due process rights by failing to provide her an adequate opportunity to be heard. For the reasons stated below, we affirm.

A fundamental requirement of due process in any proceeding is that litigants have notice and an opportunity to be heard, but due process does not guarantee a particular form or method of state procedure. *Nodvin v. State Bar of Ga.*, 273 Ga. 559, 560 (3) (544 SE2d 142) (2001). "Due process is flexible and calls for such procedural protections as the particular situation demands." (Citations and punctuation omitted.) Id. Additionally, due process does not provide an individual the right to have all arguments considered at a particular hearing. *In the Interest of P. N.*, 291 Ga. App. 512, 514 (1) (662 SE2d 287) (2008).

The record shows that Isaac Hooks filed the petition for legitimation of his biological child in October 2007. In January 2008, the trial court awarded Hooks temporary custody of the child, finding that the child was deprived due to Murray's incarceration. In March 2008, the trial court entered a final order of legitimation and awarded physical custody to Hooks, noting that a hearing on the matter had been scheduled, but Murray failed to appear. Murray subsequently moved to vacate this final order. The court granted Murray's motion, but held that the temporary custody order remained in effect. The court then set the matter for a 60-day status conference to be held in June 2010, and scheduled a bench trial for February 28, 2011. On February 14, 2011, Murray filed a "Motion for Emergency Hearing," acknowledging that she was aware of the scheduled bench trial. Thereafter, on February 28, 2011, the trial court conducted a bench trial on Hooks's amended petition, which included a prayer for custody. Following trial, the trial court awarded joint legal custody of the child to both parents, with visitation to Murray, and physical custody of the child to Hooks.

The above evidence shows that Murray received notice of the February 2011 bench trial. Although Murray's notice of appeal did not request that a transcript of the bench trial be included in the record, the trial court's order indicates that Murray appeared at the trial. "In the absence of a transcript, we must assume the trial court's findings were supported by evidence presented, and the actions taken by the trial court during the hearing were appropriate." (Citations and punctuation omitted.) *Baugh v. Robinson*, 179

Ga. App. 571, 572 (346 SE2d 918) (1986) (holding that, without the hearing transcript, this Court assumes that an appellant was not denied due process rights or the opportunity to be heard); see also *Charlot v. Goldwire*, 310 Ga. App. 463, 464 (1) (713 SE2d 667) (2011) (holding that in the absence of transcripts from a custody hearing, this Court assumes that the evidence "adduced therein was sufficient to support the trial court's findings that the custody and visitation decision was in the best interest of the child").

To the extent Murray argues that her due process rights were violated based on the court's prior January and February 2008 hearings held in her absence, her claim affords no basis for reversal. Murray has not demonstrated any harm from the January 2008 temporary custody order because it was superseded by the final custody order, or from the March 2008 order because it was vacated. See generally *In the Interest of B. B.*, 267 Ga. App. 360, 362 (2) (599 SE2d 304) (2004) ("[W]ithout harm, the alleged error presents no basis for reversal."). Moreover, even if there were any procedural violations as to these initial hearings, they were cured by the subsequent February 2011 hearing, where, as discussed above, we assume that she received adequate notice and an opportunity to be heard. See *Pryor Organization, Inc. v. Stewart*, 274 Ga. 487, 491 (3) (554 SE2d 132) (2001) ("An initial procedural violation can be cured by a subsequent procedural remedy.") (citation omitted).

*Judgment affirmed. Ellington and Doyle, JJ., concur.*

DECIDED DECEMBER 15, 2011 —
RECONSIDERATION DENIED JANUARY 9, 2012 —

Ayn Murray, *pro se*.
*John G. Walrath*, for appellee.