
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARK MARION MACY, | No. 13-35992 |
| Plaintiff - Appellant, | D.C. No. 1:13-cv-00255-REB |
| v. | |
| DAN HOWARD, Master Corporal at Idaho State Police; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Idaho
Ronald E. Bush, Magistrate Judge, Presiding[**]

Submitted July 22, 2014[***]

Before: GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

Mark Marion Macy appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging constitutional violations resulting

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    Macy consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

from a police car chase that culminated in the death of Macy's wife. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)). We affirm.

The district court properly dismissed Macy's § 1983 claims against defendants Howard and Lind on the basis of acts that occurred on February 7, 2011, as barred by the applicable two-year statute of limitations. *See* Idaho Code Ann. § 5-219(4) (two-year statute of limitations for personal injury actions); *Knox v. Davis*, 260 F.3d 1009, 1012-13 (9th Cir. 2001) (for § 1983 claims, federal courts apply the forum state's personal injury statute of limitations and federal law for determining accrual; a § 1983 claim accrues when the plaintiff knows or has reason to know of the injury that forms the basis of the action). Contrary to Macy's contentions, Macy is not entitled to equitable tolling or equitable estoppel. *See Wallace v. Kato*, 549 U.S. 384, 394 (2007) (federal courts look to state law provisions for tolling the limitations period); *Wilhelm v. Frampton*, 158 P.3d 310, 312 (Idaho 2007) (Idaho courts cannot equitably toll statute of limitations); *J.R. Simplot Co. v. Chemetics Int'l Inc.*, 887 P.2d 1039, 1041 (Idaho 1994) (equitable

2                                                                              13-35992

estoppel is available in Idaho only if plaintiff lacks actual or constructive knowledge of the truth).

The district court did not abuse its discretion in denying Macy's motion for appointment of counsel because Macy failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and explaining "exceptional circumstances" requirement).

We do not consider issues not specifically and distinctly raised in the opening brief, including Macy's other dismissed claims. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**

13-35992