NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 25 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARD ANTHONY JENKINS, | No. 20-35195 |
| Plaintiff-Appellant, | D.C. No. 1:19-cv-00247-DCN |
| v. | |
| KENNETH LITTLE, M.D., | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, District Judge, Presiding

Submitted March 16, 2021**

Before:     GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

Oregon state prisoner Richard Anthony Jenkins appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs. We have jurisdiction under 28 U.S.C.

§ 1291. We review de novo. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A).  We affirm.

The district court properly dismissed Jenkins's action because his claim was barred by the statute of limitations.  *See* Idaho Code § 5-219(4) (two-year statute of limitations for personal injury actions); *Soto v. Sweetman*, 882 F.3d 865, 871-72 (9th Cir. 2018) (state tolling and statute of limitations for personal injury claims apply to § 1983 actions; federal law governs when a claim accrues, which is when a plaintiff knows or should know of the injury that forms the basis for his cause of action).  Jenkins's contention that equitable tolling or equitable estoppel should apply is without merit.  *See Wilhelm v. Frampton*, 158 P.3d 310, 312 (Idaho 2007) (Idaho courts cannot equitably toll statute of limitations); *J.R. Simplot Co. v. Chemetics Int'l Inc.*, 887 P.2d 1039, 1041 (Idaho 1994) (equitable estoppel is available in Idaho only if plaintiff lacks actual or constructive knowledge of the truth), *abrogated on other grounds by Day as Tr. of Tr. B of Donald M. Day & Marjorie D. Day Family Tr. v. Transportation Dep't*, 458 P.3d 162 (Idaho 2020).

**AFFIRMED.**