NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 20 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERIC SWAIN JOHNSON, | No. 21-35961 |
| Plaintiff-Appellant, | D.C. No. 1:21-cv-00262-BLW |
| v. | |
| STATE OF IDAHO; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Submitted July 19, 2023[**]

Before: WALLACE, O'SCANNLAIN, SILVERMAN, Circuit Judges.

Eric S. Johnson appeals pro se from the district court's order dismissing his complaint with prejudice as legally frivolous and denying his Motion to Reconsider. We have jurisdiction under 28 U.S.C. § 1291. We review a district court's dismissal of a complaint on statute of limitations grounds de novo but review the district

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

court's underlying factual findings for clear error. *EEOC v. Dinuba Med. Clinic*, 222 F.3d 580, 584-85 (9th Cir. 2000). We review the denial of a Motion to Reconsider and refusal to consider certain evidence in making that determination for abuse of discretion. *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1261-63 (9th Cir. 1993).

I

The district court properly dismissed Johnson's complaint with prejudice because the statute of limitations on his suit under Idaho Code § 5-219 had lapsed. Federal courts must apply state law for tolling statutes of limitations for § 1983 actions. *De Luna v. Farris*, 841 F.2d 312, 314 (9th Cir. 1988). Idaho does not permit equitable tolling in civil suits, *Wilhelm v. Frampton*, 158 P.3d 310, 312 (Idaho 2007), and Johnson failed to show that he was entitled to tolling on the basis of insanity under Idaho Code § 5-230.

The insanity language at issue was first adopted as § 170 of the 1881 Idaho Code of Civil Procedure. At the time, there was "no general definition of legal insanity"; rather, it was "a mental deficiency with reference to the particular act in question." *See Bouvier's Law Dictionary* (revised 1897). The fact that Johnson pursued his claims in Idaho state court during the period of his claimed insanity refutes any assertion that his cognitive defects prevented him from acting in relation to this cause of action in a timely manner.

## II

The district court did not abuse its discretion in refusing to consider the 2019 Coronavirus outbreak when it denied Johnson's Motion to Reconsider. Johnson's argument that the outbreak caused the Boise, Idaho law library to close could have been raised at any point prior to his Motion to Reconsider. The outbreak is thus not "newly discovered evidence"—it simply was not introduced in a timely manner. *See ACandS, Inc.*, 5 F.3d at 1263.

## III

The district court did not abuse its discretion in denying Johnson's Motion to Reconsider. There are four grounds upon which a Rule 59(e) motion may be granted: (1) the motion is necessary to correct manifest errors of law or fact; (2) the moving party presents newly discovered or previously unavailable evidence; (3) reconsideration is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law. *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). Johnson did not provide any legitimate basis for the district court to grant his motion.

**AFFIRMED**.[1]

---

[1] The motion for default judgment is **DENIED**. The Federal Rules of Appellate Procedure do not provide for default judgments on appeal. *See* Fed. R. App. P. 31(c).